CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 24 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:96-cr-00053-1 |
| | ) | |
| v. | ) | § 2255 MEMORANDUM OPINION |
| | ) | |
| | ) | Norman K. Moon |
| KAWONE KAREEM WALKER. | ) | United States District Judge |

Petitioner Kawone Kareem Walker ("Walker"), brings this action pursuant to 28 U.S.C. § 2255 to challenge the revocation of his supervised release. The United States filed a Motion to Dismiss, and Walker filed a response. For the reasons stated herein, I will grant the government's Motion to Dismiss.

I.

After pleading guilty to conspiracy to distribute crack cocaine, Walker was sentenced, on May 28, 1007, to a period of incarceration and supervised release. On January 31, 2007, while on supervised release, Walker was arrested by the New York City Police Department after selling crack to an undercover police officer and dropping five bags of crack when fleeing the scene. On July 23, 2007, I conducted a supervised release revocation hearing. At the hearing, a supervised release violation report was entered into evidence, without objection, and the probation officer testified, confirming that he had advised the court that Walker had been arrested on charges of possession and distribution of crack cocaine. Walker made no objection to the absence of any other adverse witnesses. Walker testified, and admitted that the New York charges were pending, but he denied that he had possessed any drugs, and he asserted his innocence of the charges. Walker's sister and his girlfriend also testified in his behalf.

Based upon the evidence, I found Walker's version of the arrest not credible. Upon finding that Walker had committed a Grade A violation of the terms and conditions of his supervised release, I revoked his supervised release, and sentenced him to a term of imprisonment of thirty months, to be followed by twenty-four months of supervised release. Walker appealed this sentence to the United States Court of Appeals for the Fourth Circuit, arguing that the failure to provide witnesses to the alleged criminal acts upon which the revocation was based violated his Fifth and Sixth Amendment rights and Federal R. Crim. P. 32.1. The Fourth Circuit affirmed. United States v. Walker, 263 F. App'x 316 (4th Cir. 2008) (per curiam).

On May 6, 2008, Walker was acquitted of the charges stemming from his New York arrest. Thereafter, Walker filed a Motion to Reconsider the supervised release revocation, which I denied, observing that the burden of proof in a criminal proceeding is higher than that required for supervised release revocation, and finding that, under 18 U.S.C. § 3582(c), circumstances were not such that I possessed jurisdiction to modify Walker's term of imprisonment.

Walker filed the instant petition for release under 28 U.S.C. § 2255 on July 18, 2008. The government has filed a Motion to Dismiss, Walker has responded, and the matter is ripe for disposition. On March 13, 2009, Walker notified the court that he had been released to a half-way house; on September 18, 2009 he alerted the court that he had been released from the half-way house. Walker remains bound by conditions of the supervised release imposed as part of his punishment for the prior supervised release violation.[1]

---

[1] "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time that he files the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1986); United States v. Bryson, 981 F.2d 720, 726 (continued...)

II.

To state a claim for relief under § 2255, a "prisoner in custody" must show one of the following occurred: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "or that the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law"; or (4) "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A court may rule on the basis of the filings if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b).

Construing Walker's claims broadly, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Walker argues that his counsel was ineffective for failing to object to (1) "PSI" findings, (2)

---

[1](...continued)
(4th Cir. 1992). This remains true, even if a defendant is released from prison during the pendency of the § 2255 motion. Bryson, 981 F.2d at 726. However, a petitioner must also show that in spite of his or her subsequent release, he or she can still meet "the case or controversy requirement of Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (petitioner failed to show injury-in-fact in challenge to a parole revocation, where petitioner had been released from prison after filing habeas corpus petition). "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Id. at 7 (citations omitted).

Because Walker was still in custody at the time that he filed his § 2255 motion, he meets the custody requirement of 28 U.S.C.A. § 2255. Additionally, because Walker is still under a term of supervised release, he satisfies the injury-in-fact requirement of Spencer v. Kemna. See, United States v. Suratt, 266 F. App'x 247, 247-48 (4th Cir. 2008) (per curiam) (dicta stating that supervised release ordered as punishment for supervised release revocation is injury-in-fact within the meaning of Spencer); United States v. Higgins, 145 F. App'x 21, 21 (4th Cir. 20005) (per curiam) (supervised release revocation is injury-in-fact within the meaning of Spencer); United States v. Greene, 133 F. App'x 871, 872 (4th Cir. 2005) (per curiam) (same); United States v. Sadler, 88 F. App'x 671, 671 (4th Cir. 2004) (per curiam) (same). Walker's case is distinguishable from Pittarelli v. United States, No. 7:07cv136, 2007 WL 1052472 *1 (W.D. Va. 2007) (unpublished). In Pittarelli, the defendant challenged a supervised release revocation and the court found that the case was moot, as the defendant has been released from incarceration and was not under a term of supervised release.

3

insufficient evidence, particularly with regard to the probation officer's report, (3) the district court's issuance of an oral opinion rather than a written opinion, and for (4) failing to raise certain issues at the appellate level.[2] Walker also argues that his supervised release violation should be vacated, because of the court's reliance on the probation report and its issuance of an oral opinion. In its Motion to Dismiss, the government argues that Walker's claims are legally deficient and should be dismissed.

As this court noted in denying Walker's Motion to Reconsider, a revocation hearing is not a criminal prosecution and is not governed by the same procedural requirements. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972), United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (extending Morrissey procedural protections for probation to supervised release). A supervised release violation need only be found by preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3);

---

[2] The parties disagree over the nature of Walker's claims. The government treats all of Walker's claims as allegations of ineffective assistance of counsel. Walker argues in opposition that the government has not addressed his claims regarding due process.

Absent a claim of ineffective assistance of counsel, Walker's claims regarding the district court's reliance on the probation report and the oral opinion should have been raised on direct appeal. A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors, or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

However, the government must generally raise procedural default to vindicate its interest in the finality of criminal judgments. United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993) (reviewing issue not raised on direct appeal on merits after government failed to argue procedural default). When the government fails to raise procedural default, courts may raise procedural default sua sponte if the interests of "'judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice' militate against . . . addressing on the merits [the potentially defaulted issue]." Id. at 758, (quoting Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992)). See also United States v. Linder, 552 F.3d 391, 397 n.2 (4th Cir. 2009) (applying procedural default in spite of government failure to raise default because of "unique circumstance" of direct appeal in spite of appeal waiver), reh'g. denied & reh'g. en banc denied, 561 F.3d 339 (4th Cir. 2009). In this case, the government did not raise procedural default. Because no special interest militates in favor of barring consideration, and because of the ambiguity in Walker's pleadings, the court considers defendant's challenges as direct challenges and as ineffective assistance of counsel claims.

Copley, 978 F.2d at 831. At a revocation hearing, a judge may consider hearsay, if it is proved reliable. See, United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982) (hearsay allowed in probation revocation hearing); United States v. Brooks, 55 F. App'x 647, 649 (4th Cir. 2003) (per curiam) (applying McCallum in plain error review of supervised release revocation); United States v. Vance, 294 F. App'x 3, 4 (4th Cir. 2008) (per curiam) (reliance on hearsay for supervised release revocation not abuse of discretion).

Moreover, to prove that counsel's representation was so defective as to require reversal of the conviction or sentence, Walker must meet a two-pronged standard. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 688. In making such a case, a defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Second, he must show prejudice, i.e., "a reasonable probability" that but for counsel's errors the outcome would have been different. Id. at 694-95. The Strickland performance and prejudice test is applicable for counsel at the appeals level as well. Murray v. Carrier, 477 U.S. 478, 488 (1986). With regard to appellate counsel, there is no constitutional duty to raise on appeal every non-frivolous issue requested by defendant "if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). Walker cannot establish unreasonable performance as to any of his claims. Thus, the court does not reach prejudice grounds.

First, Walker argues that his counsel was ineffective for failing to object to his "PSI." Presumably, Walker intends to challenge the court's reliance on the probation report in this instance

5

and he referenced a pre-sentence investigative report by mistake. To the degree Walker actually challenges the pre-sentence investigative report, Walker has not set out any facts explaining the nature of his challenge. Though the court is to construe pro se complaints liberally, it is not the role of the court to supply necessary elements of a plaintiff's claims. Accordingly, this first claim is dismissed as Walker has not set out any grounds for why a failure to object to his pre-sentence investigative report would have been unreasonable or caused him prejudice.

Second, Walker claims that the revocation was not supported by sufficient evidence. However, Walker misstates basic legal requirements for supervised release revocations hearings. As noted, a court may rely on hearsay that has been shown to be reliable. See McCallum, 677 F.2d at 1026; Brooks, 55 F.App'x at 648-49; Vance, 294 F.App'x at 4; 30 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 6334 3ed. 2009) (exception to hearsay prohibition extended to supervised release revocation hearings). Official reports carry indicia of reliability. McCallum, 677 F.2d at 1026.

Walker challenges my reliance on the probation officer's report, claiming that such reliance is inappropriate and insufficient to establish a violation by preponderance of the evidence. Assuming arguendo that the probation report was inadmissible hearsay, the court's reliance was still appropriate as there were multiple indicia of reliability. The report is an official report; a probation officer signed the report, as did a supervising probation officer. The probation officer appeared and testified at the revocation hearing. The probation officer stated that he had conversations with a state prosecutor, who intended to prosecute Walker on charges stemming from the arrest. The court was given additional corroboration, as Walker chose to take the stand. Though Walker denied selling drugs, he confirmed elements of the probation report and also acknowledged that he ran from police.

6

Contrary to Walker's claims, the arrest report was not the only basis for revoking Walker's supervised release.[3] In sharp contrast to the various cases cited by Walker, the evidence in this matter went well beyond mere evidence of arrest. The probation report provided an explanation of the underlying events, stating that "on January 31, 2007, the defendant sold two rocks of crack cocaine for $40 to an undercover police officer, and this transaction was recorded. After the sale and before his arrest, Walker fled the scene and during the chase he dropped 5 bags of crack cocaine onto the ground." I had information before me, including four witnesses.[4] As I made clear in my ruling, and as reiterated by the Fourth Circuit's opinion on direct appeal, Walker's revocation is based on the report and a finding that Walker's testimony lacked credibility. Because Walker cannot show any error on the part of the court, he cannot show that his counsel acted unreasonably, and thus his ineffective assistance of counsel argument fails.

Walker attempts to fold an additional claim into his challenge to the probation report, arguing that the government should have been required to produce additional witnesses at the hearing. The Fourth Circuit has already concluded that Sixth Amendment confrontation clause rights are not applicable in supervised release revocation hearings. Id. at 317-18. Additionally, in Walker's case it found that:

> Walker has not established that the district court committed plain error under the Fifth Amendment Due Process Clause. . . . or under

---

[3]Walker argues that I shifted the evidentiary burden onto him to prove his innocence, because I stated that, to maintain Walker's supervised release, one would have to believe he was framed. Walker takes this statement out of context; the statement is indicative of my evaluation of Walker's credibility, not of burden shifting. I held the government to its burden and rested my decision on the probation report, the probation officer's testimony, and the additional testimony from the defense.

[4]Walker relies upon Taylor v. United States Parole Comm'n, 734 F.2d 1154, 1155-56 (6th Cir. 1984)(single letter insufficient to support criminal parole violation).

7

> Fed.R.Crim.P. 32.1(b)(2)(C). Because Walker did not raise the issue below, he did not provide the district court with an opportunity to assess his right to question any adverse witness or to determine that "the interest of justice does not require the witness to appear." Rule 32.1(b)(2)(C).

Id. Once an issue has been fully considered and decided by the court of appeals, a defendant cannot re-litigate that issue before the district court under § 2255. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Thus, Walker is foreclosed from arguing that his Fifth Amendment rights have been violated. To the extent that Walker claims his counsel was ineffective for failing to object to the single government witness presented, Walker again cannot show that his counsel acted unreasonably within the meaning of Strickland. The probation report indicated that state officials had recorded evidence of Walker selling drugs to undercover agents. Had Walker's counsel challenged the report or the testimony of the probation officer, the government may have opted to bring other documentary evidence and witnesses forward. This evidence would have made it much more difficult to set out the alternative and exculpatory account of events described by Walker and the defense witnesses. As a matter of strategy, defense counsel could reasonably have opted not to challenge the government's choice of witnesses so as to maximize the efficacy of Walker's own. Though this tactic was ultimately not successful, it was a matter of strategy to which the court, under Strickland, properly defers.

Third, Walker argues that the court violated his rights when it issued an oral opinion rather than a written opinion stating its reasons for revoking supervised release.[5] "[A] transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's

---

[5] Sentence was imposed on July 23, 2007, and the judgment was entered on July 25, 2007.

decision." Copley, 978 F.2d at 831. In this case, Walker appealed to the Fourth Circuit and the Fourth Circuit was able to review the basis of this court's decision. Thus, Walker cannot establish that the court failed to follow appropriate procedures, or that his attorney acted unreasonably for failing to object to the form of the court's opinion.

Fourth, Walker complains at points that his counsel did not raise all of the foregoing issues on appeal. However, counsel is not required to raise every non-frivolous argument on appeal. Jones, 463 U.S. at 751. Walker has not highlighted a single, legally sufficient argument that he believes his counsel should have raised. Accordingly, he cannot demonstrate unreasonable performance, and this claim fails.

### III.

In sum, my review of the record indicates that Walker was afforded all the procedural rights due in a supervised release revocation. Walker's claims are premised upon his misunderstandings of the law; these misunderstandings do not give rise to ineffective assistance of counsel, because Walker's counsel did not act unreasonably.

As set forth in the accompanying Order, Defendant's § 2255 motion will be denied, and the Government's Motion to Dismiss will be granted. Furthermore, finding that Walker has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), I will deny a certificate of appealability.

ENTERED this 24th day of November, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE